KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
**PACIFIC WEST INJURY LAW**
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
Phone: (702) 602-4878
Fax: (702) 665-5627
Kris@PacificWestInjury.com
Kirill@PacificWestInjury.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHEILA MILLER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., an Oklahoma Corporation; GRANT THORNTON, LLP, a Foreign Limited-Liability Partnership; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive.<br><br>Defendants | CASE NO.: 2:24-cv-2410<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, SHEILA MILLER, by and through her attorneys of record, PACIFIC WEST INJURY LAW, and for her causes of action against Defendants, and each of them, complains and alleges as follows:

**PARTIES, VENUE, AND JURISDICTION**

1.  Plaintiff, SHEILA MILLER (hereinafter "Plaintiff"), is and was at all times relevant herein, a resident of Ocala, Florida.

2.  Upon information and belief, Defendant, LOVE'S TRAVEL STOPS & COUNTRY STORES, INC. (hereinafter "Defendant" and/or "Defendant LOVE'S"), is and was at all times relevant herein, an Oklahoma corporation conducting business in Nevada.

3.  Upon information and belief, Defendant, GRANT THORNTON, LLP (hereinafter "Defendant" and/or "Defendant THORNTON"), is and was at all times relevant herein, an Illinois limited liability partnership conducting business in Nevada.

4.  Defendant, DOE I EMPLOYEE'S identity is not known at this time, but it is Plaintiff's belief that DOE I EMPLOYEE was, at all times mentioned herein, a resident of Humboldt County, Nevada, and an agent, servant, employee and/or contractor of Defendant LOVE'S.

5.  The true names and capacities of Defendants Does I through X are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and therefore alleges that each of Defendants Does I through X are responsible in some manner for the events and happening referred to herein and actually, proximately, and/or legally caused injuries and damages to Plaintiff as alleged herein.  Plaintiff will seek leave of Court to amend this Complaint, to insert the true names and capacities of Does I through X, when they become known and to join such Defendants in this action.

6.  The identities of Defendants Roe Business Entities XI through XX, are unknown to Plaintiff at this time, who may be corporations, associations, partnerships, subsidiaries, holding companies, owners, predecessors-in-interest or successors-in-interest entities, joint venturers, parent corporations or other related business entities of Defendants, and/or serving as alter ego of, any and/or all Defendants, who were acting on behalf of or in concert with, or at the direction of Defendants, and/or are entities responsible for the supervision of the individually named Defendants, and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities, and/or were the owners of the subject premises, and may be responsible for the injurious activities of the other Defendants.  Plaintiff alleges that each named Doe and Roe Business Entity Defendant negligently, willfully, intentionally, recklessly, vicariously, or otherwise, caused, directed, allowed or set in motion the injurious events set forth herein.  Each named Doe and Roe Business Entity Defendant is legally responsible for the events and happening alleged in this Complaint, and therefore, actually, proximately, and/or legally caused injuries and damages to Plaintiff.  Plaintiff will seek leave of Court to amend this Complaint, to insert the true names and

capacities of the Roe Business Entities XI through XX, when they become known and to join such Defendants in this action.

7. At all times relevant herein, Defendants, and each of them, were agents, servants, partners, and employees of each and every other Defendant and/or Doe and Roe Entities Defendants and were acting within the course and scope of their agency, partnership, or employment.

8. The subject incident occurred in Humboldt County, Nevada.

9. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS

11. On or about March 23, 2024, Plaintiff was an invitee at LOVE'S store located at 3350 W. Winnemucca, Winnemucca, Nevada 89445, which was owned, occupied, controlled, controlled, and/or managed by Defendant LOVE'S (hereinafter the "Subject Premises").

12. Upon information and belief, at the time of the incident in question the Subject Premises were also owned, occupied, controlled, and/or managed by Defendant THORNTON.

13. As an invitee of Defendant LOVE'S, Plaintiff was permissive user of the Premises.

14. While visiting the Property, Plaintiff pulled into pump 21, where there was oil on the ground ("dangerous condition").

15. As Plaintiff was walking to the storefront she slipped and fell due to the oil on the ground (hereafter the "Subject Accident").

16. Defendants failed to conduct themselves in a reasonable and safe manner and maintain the subject premises and failed to make the premises safe from dangerous conditions.

17. Defendants should have warned or otherwise made safe the dangerous condition because that condition was non-obvious to Plaintiff.

18. Defendants negligently, carelessly, and recklessly maintained, and allowed the dangerous condition to exist.

**FIRST CAUSE OF ACTION**

**(Negligence/Premises Liability Against Defendant LOVE'S and Defendant THORNTON)**

19. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

20. Defendant LOVE'S and Defendant THORNTON owned and/or were in control of the Subject Premises at the time of the Subject Incident.

21. As an invitee of Defendant LOVE'S and Defendant THORNTON, Plaintiff was a permissive user of the Subject Premises when the Subject Incident occurred.

22. At all times relevant, Defendant LOVE'S and Defendant THORNTON owed a non-delegable duty to maintain and inspect the Subject Premises for the care, safety, and protection of those persons present on said Premises, including Plaintiff.

23. Defendant LOVE'S and Defendant THORNTON also owed a non-delegable duty of care to warn Plaintiff of the existence of dangerous conditions.

24. Defendant LOVE'S and Defendant THORNTON also owed a duty of care to its invitees, including Plaintiff, to use reasonable care and take reasonable actions to keep the Subject Premises in a safe condition for invitees.

25. On May 23, 2024, a dangerous condition existed at the Subject Premises.

26. The oil on the ground at pump 21 constituted a dangerous condition on the Subject Premises.

27. There was no warning sign of the oil on the ground.

28. Defendant LOVE'S and Defendant THORNTON and its employees and agents caused, knew of, or should have known of the existence of this dangerous condition.

29. Upon information and belief, Defendants, and each of them, breached the nondelegable duties they owed to Plaintiff by creating and/or knowingly and/or negligently allowing dangerous conditions to exist and persist on the Subject Premises prior to the Subject Incident, and by consciously, deliberately, and/or negligently failing to take any measure to remedy or to warn of the existence of the dangerous conditions.

30. Defendant LOVE'S and Defendant THORNTON also breached their duty of care to Plaintiff by negligently failing to exercise reasonable care and failing take reasonable actions to keep its invitees safe from this dangerous condition, such as cleaning up the oil and warning Plaintiff of the oil, among other actions.

31. The Subject Incident and resulting injuries to Plaintiff are a direct and proximate result of these breaches of owed duties of care by Defendants.

32. Defendants' negligence directly and proximately caused Plaintiff serious injury.

33. As a direct and proximate result of Defendants' negligence, Plaintiff was injured and has incurred expenses for medical care and treatment in an amount to be determined at trial.

34. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained loss of earnings and earning capacity in an amount to be determined at trial.

35. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to Plaintiff's general damage in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

36. As a direct and proximate result of Defendants' negligence, it has been necessary for Plaintiff to retain the services of an attorney in this case, and Plaintiff should be awarded reasonable attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

**(Negligent Hiring, Training, Retention, and Supervision Against LOVE'S and Defendant THORNTON)**

37. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

38. Defendant LOVE'S and Defendant THORNTON owed a non-delegable duty to Plaintiff to exercise due care in the selection, training, oversight, direction, retention, and control of its employees/agents/contractors responsible for monitoring, cleaning, and maintaining the area where the Subject Incident occurred.

39. Defendant LOVE'S and Defendant THORNTON breached their non-delegable duty to Plaintiff by failing to properly hire, retain, train, staff, and supervise its employees/agents/contractors responsible for monitoring and maintaining the area where the Subject Incident occurred.

40. The Subject Incident and resulting injuries to Plaintiff are a direct and proximate result of these breaches of owed duties of care by Defendants.

41. Defendants' negligence directly and proximately caused Plaintiff serious injury.

42. As a direct and proximate result of Defendants' negligence, Plaintiff has incurred expenses for medical care and treatment in an amount to be determined at trial.

43. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained loss of earnings and earning capacity in an amount to be determined at trial.

44. As a direct and proximate result of Defendants' negligence, Plaintiff sustained serious injuries and suffered great pain of body and mind, some of which conditions are permanent and disabling, all to Plaintiff's general damage in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

45. As a direct and proximate result of Defendants' negligence, it has been necessary for Plaintiff to retain the services of an attorney in this case, and Plaintiff should be awarded reasonable attorney's fees and costs of suit incurred herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1. General damages in an amount in excess of $75,000.00;
2. Special damages to be determined at the time of trial;
3. Medical and incidental expenses already incurred and to be incurred;
4. Lost wages in an amount to be determined at the time of trial;
5. Exemplary and punitive damages in an amount to be determined at the time of trial;
6. Property damage repairs, supplemental, and out of pocket expenses;
7. Reasonable attorney's fees and costs of suit;

8. Interest at the statutory rate; and

9. For such other relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED this 30th day of December, 2024.

**PACIFIC WEST INJURY LAW**

*/s/ Kirill V. Mikhaylov*
KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*