|   |   |
|---|---|
| 1 | **RESNICK & LOUIS, P.C.**<br>CARISSA YUHAS, ESQ. |
| 2 | Nevada Bar No. 14692<br>cyuhas@rlattorneys.com |
| 3 | 8945 West Russell Road, Suite 330<br>Las Vegas, Nevada 89148 |
| 4 | Telephone: (702) 997-3800<br>Facsimile: (702) 997-3800 |
| 5 | *Attorney for Defendant,* |
| 6 | *LOVE'S TRAVEL STOPS &*<br>*COUNTRY STORES, INC.* |

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHEILA MILLER, individually, | CASE NO.: 2:24-cv-02410 |
| Plaintiff, | **STIPULATION AND PROPOSED ORDER TO EXTEND DISCOVERY DEADLINES** |
| vs. | |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., an Oklahoma Corporation; GRANT THORNTON, LLP, a Foreign Limited-Liability Partnership; and DOES I-X; and ROE BUSINESS ENTITIES XI-XX, inclusive. | *(THIRD REQUEST)* |
| Defendants | |

IT IS HEREBY STIPULATED by and between Plaintiff, SHEILA MILLER, through her attorney, KIRILL V. MIKHAYLOV, ESQ., of PACIFIC WEST INJURY LAW, and Defendant, LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., through their attorney, CARISSA YUHAS, ESQ. of RESNICK & LOUIS, P.C., that good cause existing and pursuant to Local Rule 26-1(b), discovery in this matter shall be extended an additional sixty (60) days for the purpose of completing the discovery described herein.

**I.   DISCOVERY WHICH HAS BEEN COMPLETED**

1.   The parties have conducted the FRCP 26.1 Early Case Conference.

1

2. Plaintiff has produced her Lists of Witnesses and Documents, and supplements thereto pursuant to FRCP 26(a).

3. Defendant has produced its Lists of Witnesses and Documents, and supplements thereto pursuant to FRCP 26(a).

4. Defendant propounded First Set of Interrogatories to Plaintiff.

5. Defendant propounded First Set of Requests for Production to Plaintiff.

6. Defendant propounded First Set of Request for Admissions to Plaintiff.

7. Plaintiff served Responses to Defendant's First Set of Interrogatories.

8. Plaintiff served Responses to Defendant's First Set of Requests for Production.

9. Plaintiff served Responses to Defendant's First Set of Request for Admissions.

10. Plaintiff propounded First Set of Interrogatories to Defendant.

11. Plaintiff propounded First Set of Requests for Production to Defendant.

12. Plaintiff propounded First Set of Request for Admissions to Defendant.

13. Defendant served Responses to Plaintiff's First Set of Interrogatories.

14. Defendant served Responses to Plaintiff's First Set of Requests for Production.

15. Defendant served Responses to Plaintiff's First Set of Request for Admissions.

16. The parties conducted Plaintiff's deposition.

17. Defendant served its Initial Disclosure of Expert Witnesses and supplements thereto pursuant to FRCP 26(a).

18. Plaintiff served her Initial Disclosure of Expert Witnesses.

## II.     DISCOVERY THAT REMAINS TO BE COMPLETED

1. Deposition of Defendant Love's Travel Stops & Country Stores, Inc. 30(b)(6) witness(es) (the parties are currently coordinating)

2. Potential NRCP 35 exam of Plaintiff (currently pending information from Plaintiff's updated treatment records);

3. Depositions of Plaintiff's treating physician(s);

    4.      Depositions of the parties' respective experts; and

    5.      Additional discovery as needed.

The Parties anticipate that they may need to conduct other forms of discovery, though not specifically delineated herein, and anticipate doing so only on an as-needed basis.

### III. REASONS DISCOVERY WAS NOT COMPLETED WITHIN THE TIME LIMITS AND NEEDS TO BE EXTENDED

LR 26-3 governs modifications or extension of the Discovery Plan and Scheduling Order. Any stipulation or motion to extend or modify that Discovery Plan and Scheduling Order must be made no later than twenty-one (21) days before the expiration of the subject deadline and must comply fully with LR 26-3. If the stipulation is made less than twenty-one (21) days before the expiration of a deadline, the parties must show a good cause exist. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The parties respectfully submit, pursuant to Local Rule 26-3, that good cause and excusable neglect exist for the following requested extension. Although the parties have been diligently working on this matter, due to Plaintiff resuming treatment with Jonathan Kletter, PA-C of Reconstructive Orthopaedics of Central Florida for her left knee, the parties have been unable to obtain all current medical records relevant to Plaintiff's claimed injuries in this matter. The parties need to obtain Plaintiff's latest medical records and evaluate the need to address future treatment and a potential NRCP 35 examination (which if needed, will involve travel planning and additional time since Plaintiff's work schedule as a truck driver often requires her to be in different states). The parties have requested said information from Reconstructive Orthopaedics of Central Florida but have not yet received responses to which the parties have no control.

3

Lastly, the parties are in the process of scheduling the deposition of Defendant's 30(b)(6) witness. The parties have been working together with lengthy discussions to reach agreeable terms for the deposition in order to avoid Court intervention and require additional time to prepare the witness and schedule the deposition.

This Request for an extension of time is not sought for any improper purpose other purpose of delay. Despite both parties' efforts, they have been precluded from fully investigating the merits of this case through necessary discovery. Based on the foregoing, both Plaintiff and Defense counsel are requesting that the discovery deadlines be extended by sixty (60) days.

V. **MODIFICATION OF THE DISCOVERY PLAN AND SCHEDULING ORDER**

| Discovery Deadline | Current Deadline | Proposed Deadline |
|---|---|---|
| Motion to Amend/Add Parties | April 22, 2025 | Closed |
| Initial Expert Disclosures | June 23, 2025 | Closed |
| All Rebuttal Expert Disclosures | July 21, 2025 | Closed |
| Discovery Cut-Off Date | October 20, 2025 | December 19, 2025 |
| Dispositive Motions | November 18, 2025 | January 20, 2026 |

The parties represent this Stipulation is sought in good faith and not interposed for delay or any other improper purpose.

DATED this 6th day of October, 2025.

PACIFIC WEST INJURY LAW

/s/ Kirill V. Mikhaylov

KRISTOPHER M. HELMICK, ESQ.
Nevada Bar No. 13348
KIRILL V. MIKHAYLOV, ESQ.
Nevada Bar No. 13538
BOHDEN G. COLE, ESQ.
Nevada Bar No. 15719
8180 Rafael Rivera Way #200
Las Vegas, NV 89113
*Attorneys for Plaintiff*

DATED this 6th day of October, 2025.

RESNICK & LOUIS, P.C.

/s/Carissa Yuhas

CARISSA YUHAS, ESQ.
Nevada Bar No. 14692
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
*Attorney for Defendant*
*LOVE'S TRAVEL STOPS &*
*COUNTRY STORES, INC*

**IT IS SO ORDERED**

**DATED:** 8:42 pm, October 07, 2025

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**